IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SANDRA MARIE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAND HOME FINANCIAL SERVICES, INC., LAND HOME FINANCIAL SERVICES, INC. d/b/a LAND HOME FINANCIAL GROUP, and LAND HOME FINANCIAL SERVICES, INC. d/b/a LHFS, | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

1:24-CV-61

## MEMORANDUM ORDER

This case concerns allegations of fraudulent inducement into an employment contract. Before the court is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. 7.) Defendants initially contended that Plaintiff Sandra Marie Johnson's claims are arbitrable and that her claims should be dismissed so that the parties can pursue arbitration. (Doc. 9 at 1.) In a subsequent supplemental brief, Defendants concede that the court lacks the discretion to dismiss the complaint on the ground that Johnson's claims are arbitrable. (Doc. 12 at 2 (citing Smith v. Spizzirri, 601 U.S. 472 (2024)).) Accordingly, Defendants "ask[] that the Court stay this litigation and compel Plaintiff's claims, should she wish to continue to pursue them, to arbitration, while retaining jurisdiction to enforce the terms of any order ultimately entered by the

arbitrator." (Id.)  Johnson opposes arbitration. (Doc. 10 at 7.)

Where a defendant moves to dismiss on the ground that the claims are subject to arbitration, the court may construe the motion as one to compel arbitration. See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001); Fraga v. Premium Retail Servs., Inc., 61 F.4th 228, 232-33 (1st Cir. 2023). Here, Defendants have thoroughly raised the issue of arbitrability, and Johnson has responded in kind. (Docs. 9, 10.) The court therefore construes Defendants' motion to dismiss as a motion to compel arbitration and stay proceedings.

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). "To that end, § 2 provides that arbitration agreements in contracts 'involving commerce' are 'valid, irrevocable, and enforceable.'" Vaden v. Discover Bank, 556 U.S. 49, 58 (2009) (quoting 9 U.S.C. § 2). "Petitions to compel arbitration, § 4 states, may be brought before 'any United States district court which, save for such agreement, would have jurisdiction under title 28 . . . of the subject matter of a suit arising out of the controversy between the parties.'" Id. (quoting

2

9 U.S.C. § 4).[1]  A party may obtain an order compelling arbitration and a stay of federal court proceedings if it can demonstrate the following:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [the opposing party] to arbitrate the dispute.

Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 87 (4th Cir. 2005) (quoting Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002)).

Defendants have demonstrated, and Johnson does not contest, that there is a dispute between the parties, that the employment contract has a relationship to interstate commerce, and that Johnson has failed to arbitrate. (Doc. 9 at 6, 8-9 (discussing Land Home's California incorporation and Johnson's North Carolina residence); Doc. 9-1 at 15 (Johnson stating, "Only with an Order/Finding from an Honorable Judge will I dismiss this case and Arbitrate.").)  Johnson nevertheless resists arbitration on four grounds: (1) that the arbitration agreement is unenforceable due

---

[1] Although the court's subject matter jurisdiction has not been challenged, the court has independently satisfied itself that the requirements of diversity jurisdiction have been met. Vaden, 556 U.S. at 62 (requiring the court to "look[] through" to the "underlying substantive controversy" to determine subject matter jurisdiction); Ministry of Defence of State of Kuwait v. Naffa, 105 F.4th 154, 159-60 (4th Cir. 2024) (citing 28 U.S.C. § 1332); (Doc. 1 ¶¶ 1-2 (alleging diversity of citizenship); id. at 12 (alleging amount in controversy above seventy-five thousand dollars).)

3

to lack of consideration; (2) that the arbitration agreement was either fraudulently induced and therefore void, or, in the alternative, her claims arise from fraudulent inducement predating the execution of the arbitration agreement such that the agreement does not cover them; (3) that the FAA is inapplicable to her contract for employment under 9 U.S.C. § 1; and (4) that Defendants have waived the right to arbitrate. (Doc. 9 at 1-6.)

First, the arbitration agreement is plainly supported by consideration in that Johnson was provided employment in exchange for the agreement. Johnson v. Circuit City Stores, 148 F.3d 373, 378 (4th Cir. 1998) ("[A] mutual promise to arbitrate constitutes sufficient consideration for [the] arbitration agreement." (quoting O'Neil v. Hilton Head Hosp., 115 F.3d 272, 275 (4th Cir. 1997))).

Second, Johnson's contention that the arbitration agreement is void and arbitration cannot be ordered because she was fraudulently induced into her employment contract is contrary to well-settled law. See Prima Paint Core v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967) (holding that claims for fraudulent inducement to enter into an entire contract, as opposed to fraudulent inducement to enter an arbitration clause, should be referred to arbitration); Campaniello Imps., Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 667 (2d Cir. 1997) (noting that the distinction between fraudulent inducement of the arbitration

4

clause versus fraudulent inducement of the contract at large "would be eviscerated if a claimant could transform a general fraud claim into fraud in the inducement of the arbitration clause merely by stating that the arbitration clause is an element of the scheme to defraud"). As Defendants correctly argue, Johnson does not allege fraudulent inducement of the arbitration agreement itself. (Doc. 11 at 3-4.)

Moreover, Johnson's contention that the claims are not arbitrable merely because they are about conduct predating the arbitration agreement contradicts its plain language. Indeed, the arbitration agreement expressly covers claims that predate its execution:

> Claims Covered by This Agreement. You and the Company voluntarily agree to resolve by binding arbitration any and all claims, disputes, causes of action, lawsuits, proceedings, and/or controversies ("Claims"), past, present, or future, relating to or arising out of Your employment with the Company. This includes Claims that the Company may have against You or that You may have against the Company and its parent company, affiliated agents, affiliated companies, officers directors, successors, assigns, clients, or alleged joint employers (collectively, the "Parties" to this Agreement). This Agreement also specifically covers all Claims, asserted or unasserted, that You or the Company has or may have against each other, <u>which predate the execution of this Agreement</u>, **including Claims brought on Your behalf in any potential class or representative action filed before or after this Agreement was signed.**

(Doc. 9-1 at 6 (underline emphasis added, bold emphasis in original).)

Third, Johnson's argument that the FAA does not apply to her

5

because her employment is "interstate commerce" contravenes Supreme Court law. The FAA does not apply to "contracts of employment of seaman, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. The Supreme Court has interpreted this provision to apply strictly to transportation workers. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 120-21 (2001). Johnson alleges that she was a mortgage underwriter. (Doc. 1 ¶ 4.) Accordingly, her employment contract is not exempted by the FAA.

Fourth, Defendants have not waived their right to arbitrate. (Doc. 10 at 6 (claiming that "Land Home may have waived their rights to arbitrate" (capitalization altered).) A party may indeed waive the right to compel arbitration. MicroStrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001). A court assessing waiver must look to the "actions of the person who held the right," rather than prejudice to the non-moving party. Morgan v. Sundance, Inc., 596 U.S. 411, 417 (2022).[2] The question is whether the party

---

[2] Prior to the Supreme Court's decision in Morgan, a party seeking to compel arbitration in this circuit waived the right to arbitrate if that party "so substantially utiliz[ed] the litigation machinery that to permit arbitration would prejudice the party opposing the arbitration." See Maxum Founds., Inc. v. Salus Corp., 779 F.2d 974, 981 (4th Cir. 1985). The Supreme Court rejected a similar rule from the Eighth Circuit in Morgan, stating that federal courts may not "create arbitration-specific procedural rules." Morgan, 596 U.S. at 419. Instructing federal courts to "treat[] arbitration contracts like all others," the Supreme Court clarified that the question of whether a party waived its entitlement to compel arbitration should concentrate on the conduct of the party seeking to compel arbitration rather than potential prejudice to the party opposing arbitration. Id. at 418-19.

who held the right to compel arbitration "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right." Id. at 419.

Here, Johnson has failed to point to any action of the Defendants that was inconsistent with their entitlement to compel arbitration. She complains that Defendants never "mentioned" arbitration prior to her filing the lawsuit and that Defendants "had plenty of time" to compel arbitration before this lawsuit but "did not do so." (Doc. 10 at 6.) But Defendants did not "knowingly relinquish" the right to compel arbitration by losing the race to the courthouse or declining to file their own lawsuit. When Johnson ultimately filed suit, Defendants made their position - that arbitration was the only proper avenue for Johnson to pursue her claims - clear in their initial motion to dismiss. (Doc. 7 at 1 (noting that Johnson "consented to having her claims . . . resolved by binding arbitration"); see also Doc. 12 at 2 (requesting that the court compel Johnson's claims to arbitration).)

Accordingly, Defendants have demonstrated that an order compelling arbitration is warranted.

For the reasons stated, therefore,

IT IS ORDERED that Defendants' motion is GRANTED, in that the parties are compelled to arbitration pursuant to 9 U.S.C. § 4, and this action is hereby STAYED pending the resolution of arbitration

7

in accordance with the parties' arbitration agreement.

IT IS FURTHER ORDERED that the parties shall file a joint status report of arbitration every ninety (90) days and notify the court of any arbitration award within seven (7) days after arbitration has concluded.

      /s/   Thomas D. Schroeder
United States District Judge

September 23, 2024